IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SANCHEZ HOPKINS                                                                                    PLAINTIFF

v.                                                                                                    No. 1:07CV41

LINDA H. GOLDSMITH                                                                           DEFENDANT

## OPINION GRANTING MOTION TO REMAND

Presently before the Court is the Plaintiff's motion to remand this matter to the County Court of Attala County, Mississippi. Upon due consideration, the Court finds that the motion should be granted because diversity jurisdiction does not exist pursuant to 28 U.S.C. § 1332(a).

### A. Factual Background

The Plaintiff filed this action in the County Court of Attala County, Mississippi, on June 8, 2006, asserting state law claims for negligence against the Defendant in connection with injuries the Plaintiff allegedly sustained as a result of an automobile collision between the Defendant and the Plaintiff's vehicles in Kosciusko, Mississippi, on July 27, 2005. The Defendant subsequently removed the case to this court, asserting federal diversity jurisdiction as the basis for removal. Thereafter, the Plaintiff requested that the court remand this matter to state court, contending that federal diversity jurisdiction does not exist because the amount in controversy requirement has not been satisfied. Thus, argues the Plaintiff, the court does not possess subject matter jurisdiction over this action.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L. Ed. 1214 (1941).

Specifically, in cases such as this one, where the plaintiff concedes that the action is between citizens of different States but asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiff's claim for damages - as set forth in the complaint - normally remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

As a result, unless the removing defendant can meet its burden, a plaintiff may normally

avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount. See St. Paul Mercury, 303 U.S. at 294 (holding that plaintiff who does not "desire to try his case in federal court ... may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) ("[I]f a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal.").

If the removing defendant is able to establish that the amount in controversy exceeds $75,000, removal of the cause is deemed proper unless the plaintiff shows that, as a matter of law, it is certain that he will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, once the removing defendant has established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiff's claim is for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. De Aguilar, 47 F.3d at 1412.

For the reasons set forth below, the Court finds that the Plaintiff's contentions concerning remand are correct. The Defendant has not met its burden of establishing the existence of federal diversity jurisdiction, and the Plaintiff's motion to remand this cause shall therefore be granted.

### C. Discussion

The original pleading in this case, Plaintiff's complaint, requested damages "within the jurisdictional limits of [the County] court . . ." Such restrictions are broad, as county courts in Mississippi are vested with the authority to hear matters where the amount in controversy, exclusive of costs and interest, is up to $200,000. Miss. Code Ann. § 9-9-21. In his motion to remand and attached affidavit, however, the Plaintiff specifically and unequivocally stipulates that the damages

3

incurred "are less in amount than the sum of $74,000.00 inclusive of interests [sic] and costs." Further, the Plaintiff states, "I expressly disavow any/all claims for any sums related to the incident that occurred on or about July 27, 2005[,] for any amount in excess of $74,000.00."

While it is true that "the jurisdictional facts that support removal must be judged at the time of the removal, . . . post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." Gebbia v. Wal-Mart Stores, 233 F.3d 880, 883 (5th Cir. 2000).

As the Defendant did not reply to the Plaintiff's motion to remand or otherwise rebut the affidavit attached thereto, the Court concludes that the defendant has not met her burden of showing that it is more likely than not that the amount in controversy is over $75,000. Since the damages clause in the Plaintiff's complaint is ambiguous, the court can take into account the Plaintiff's affidavit attached to his motion to remand. This affidavit specifically binds him to less than $74,000. See De Aguilar, 47 F.3d at 1412 (Plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their complaints.").

In light of the Plaintiff's stipulation that the amount in controversy in the case *sub judice* is less than $75,000.00, the Court finds that the Defendant has not met its burden of establishing the existence of federal diversity jurisdiction; thus, the Plaintiff's motion to remand is well taken and shall be granted.

## D. Conclusion

The Court holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is not present. While the controversy is between citizens of different states, the matter in controversy is less than the sum of $75,000.00. As such, pursuant to 28 U.S.C. § 1447(c), the Court does not

4

possess subject matter jurisdiction to adjudicate this cause and the Plaintiff's motion to remand is granted.

A separate order in accordance with this opinion shall issue this day.

This the 22nd day of January 2008.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT COURT**